UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

DOUGLAS P. MANSMANN,                                     CASE NO. 11-01158
DEBRA P. MANSMANN,

    Debtors.                                                       Chapter 13

DOUGLAS P. MANSMANN,
DEBRA P. MANSMANN,

    Plaintiffs,

v.                                                               ADV. PROC. NO. 11-00176

OCWEN LOAN SERVICING, L.L.C.,

    Defendant.

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT ON
PLAINTIFFS' MOTION FOR WITHDRAWAL OF THE REFERENCE**

Earl P. Underwood and James Patterson, Counsel for the Plaintiffs
Kent D. McPhail, Counsel for Ocwen Loan Servicing, L.L.C.

This matter is before the Court on the Plaintiffs' motion for withdrawal of the reference under 28 U.S.C. §157(d). The Plaintiffs filed the motion for withdrawal of the reference in a timely manner on February 17, 2012, and the Defendant had no objection to the motion. There being no objection, the Bankruptcy Court mistakenly granted the motion for withdrawal of the reference, and an order was entered on April 13, 2012. After an inquiry from the Plaintiffs, the April 13, 2012 order was vacated on April 24, 2013. The Court respectfully asks that any consideration of lack of timeliness not be held against the parties. For the reasons listed below, this Court recommends that the District Court grant permissive withdrawal of the reference as to

Count One and Counts Four through Ten, but allow the Bankruptcy Court to the Bankruptcy Court handle all pretrial matters, including dispositive motions, and prepare a report and recommendation to the District Court.  In addition, the Bankruptcy Court recommends that it be allowed to move forward on Counts Two and Three involving bankruptcy law.

## SUMMARY OF ALLEGATIONS IN COMPLAINT

The Plaintiffs obtained a mortgage loan from Quicken Loans on or about February 19, 2009.  The loan was secured by their principal residence.  The Plaintiff paid both the taxes and insurance on their home from the inception of the loan.  However, when the Defendant, Ocwen Loan Servicing, L.L.C. ("Ocwen"), took over the servicing of the loan, it billed the Plaintiff for taxes and insurance even though these expenses were already paid.   Ocwen applied funds paid by the Plaintiffs for principal and interest to the unpaid taxes and insurance, which put the Plaintiffs' account in arrears.  The Plaintiff called Ocwen to protest the misapplication of the funds to no avail.  The Plaintiffs applied for a loan modification in an effort to cure the arrearage. In March 2011, Ocwen had foreclosure notices published in local newspapers, and scheduled a foreclosure sale for March 30, 2011.  The Plaintiffs filed the present chapter 13 petition on March 23, 2011.  Also on March 23, 2011, the Plaintiffs requested a complete loan history and other information from Ocwen in order to calculate how much they had been overcharged. Ocwen failed to respond to the request.

On July 11, 2011, the Plaintiffs, through their attorney, again requested a complete loan history and other information.  Each request for information constituted a Qualified Written Request ("QWR") as defined by 12 U.S.C. §2605(e)(1)(B).  The QWRs were addressed to Ocwen Servicing Research Department P.O. Box 785055, Orlando, FL 32878-5055.  The QWRs

also outlined the Plaintiffs' problems regarding the misapplication of their payments by Ocwen. Rather than responding to the second QWR, Ocwen issued a "Reinstatement Quote" on July 28, 2011, stating that $8,825.85 was required to reinstate the loan.  By April 13, 2011, the date that Ocwen filed Claim number 3 in the Plaintiffs' bankruptcy case, the amount had increased to $12,286.62.

The Plaintiffs allege that many of the charges listed in Ocwen's proof of claim are "padded, illegal, improper, unauthorized and unapproved post-petition corporate advances."  The Plaintiffs allege that they made payments in excess of the monthly payment due on the loan for approximately one year before the filing of this case.

Ocwen recorded an assignment of the Plaintiffs' mortgage in the Probate Court of Baldwin County, Alabama on July 11, 2011.  On that same date, the Plaintiffs made a post-petition payment of $920.00 to Ocwen.  At the time, the Plaintiffs' monthly payment was $908.25.  On July 26, 2011 Ocwen returned the payment with a letter stating that the payment was "not sufficient to satisfy the reinstatement amount of your account."  The Plaintiffs allege that this letter and the return of the post-petition payment constituted an act to collect the arrearage amount included their chapter plan in violation of 11 U.S.C. §362.  The Plaintiffs allege that they have been damaged by Ocwen's actions by suffering from worry and anxiety, experiencing fear of losing their home, having to file a bankruptcy petition, and spending time and funds to defend Ocwen's claim.  Their credit rating and reputation in the community have also suffered.

On or about September 7, 2011, the Plaintiffs filed this adversary proceeding in the Bankruptcy Court.  The complaint includes counts for violation of RESPA, violation of the

automatic stay, violation of 11 U.S.C. §506, wantonness, negligence, breach of the mortgage agreement, unjust enrichment, wrongful foreclosure, slander and defamation, and violations the Truth in Lending Act.  There is no jury demand in the complaint.  The Defendant filed a motion to dismiss Counts 1-3 and 8-10 of the complaint for failure to state a claim upon which relief could be granted on October 26, 2011, and the Court set the motion for hearing on November 29, 2011.  The parties requested a continuance of the hearing on the motion to dismiss, and the matter was reset to February 14, 2012.  As stated above, the Plaintiffs then filed their motion to withdraw the reference on February 17, 2012.  The Defendant had no objection to the motion.  There being no objection, the Bankruptcy Court mistakenly granted the motion for withdrawal of the reference, and an order was entered on April 13, 2012.  After an inquiry from the Plaintiffs, the April 13, 2012 order was vacated on April 24, 2013.

## LAW

Section 157(d) of Title 28 provides that the district court may withdraw the reference in any case or proceeding "for cause shown", which is referred to as permissive withdrawal.  Under the mandatory provision of §157(d), the district court shall withdraw the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  The Plaintiffs maintain that the district court should withdraw the reference under both provisions.

While the standard for mandatory withdrawal seem broad in scope, courts agree that a narrow interpretation is required to prevent the bankruptcy court's work from being swallowed up by mandatory withdrawal.  *Abrahams v. Phil-Con Services, L.L.C.*, 2010 WL 4875581 *2 (S.D. Ala.) quoting *In re Vicars Ins. Agency, Inc.* 96 F.3d 949, 952 (7th Cir. 1996).   Under the

generally accepted view of §157(d), "'withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law.'" *Id.* at *2 quoting *Vicars*, 96 F.3d at 952. "Substantial" means more than simple application of "well-settled" principles of non-bankruptcy law; the case must demand significant interpretation of the non-Code law. *Id.* The Plaintiffs' complaint contains two counts involving non-bankruptcy federal law, two counts involving bankruptcy law and six counts involving state law. In their motion to withdraw the reference, the Plaintiffs merely state that mandatory withdrawal is appropriate because their claims involve non-bankruptcy law. It is too soon to determine whether the Plaintiffs' claims will require substantial consideration of non-bankruptcy law. In addition, the Plaintiffs gave no reasons why their claims would require extensive consideration of non-bankruptcy law, and therefore, this Court does not recommend that the District Court grant the Plaintiffs' motion for withdrawal as an instance of mandatory withdrawal.

     Several factors are considered for permissive withdrawal for cause under §157(d), including uniform administration in bankruptcy courts, prevention of forum shopping, economical use of the parties' resources and facilitation of the bankruptcy process. *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000). In addition, courts may also consider whether the claim is core or non-core; whether withdrawal is an efficient use of judicial resources; whether there is a jury demand and whether withdrawal will prevent delay. *In re Price*, 2007 WL 2332536 *2 (M.D. Ala. 2007). Of the factors named, the dominant considerations in this case are the efficient use of judicial resources and the economical use of the parties' resources. While the bankruptcy court routinely deals with violations of the automatic stay and §506, it is not as

familiar with claims under RESPA or the Truth in Lending Act.  The District Court considers these types of claims on a regular basis and is more knowledgeable of the basic elements required for a claim as well as the most recent law in these areas.  Having the RESPA and Truth in Lending claims heard in the District Court would also be a more economical use of the parties' resources.  The District Court's superior knowledge of these statutes would allow the parties' counsel to focus on more complex issues of law rather than briefing the more basic areas of the law, and perhaps resolve the claims more quickly.  A quick resolution of the claims would also benefit the bankruptcy case's administration.  The Court will not consider whether the Plaintiffs' claims are core or non-core at this point because "'[t]he mere fact a bankruptcy proceeding is not a core proceeding is not a sufficient reason to grant a motion for withdrawal of the reference.'" *Abrahams*, at \*4 quoting *In re Tate*, 2010 WL 320488 at \*10 (S.D. Ala. 2010).   However, the Supreme Court's ruling in *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) may require the District Court to enter a final judgment on the state law claims.  Count Two for violation of the automatic stay and Count Three for violation of §506 can be heard most efficiently by the Bankruptcy Court, and therefore the Court recommends that the parties be allowed to go forward on these claims and allow the Bankruptcy Court to enter a final judgment.  This Court's ruling on the violations of the stay and §506 could result in res judicata or collateral estoppel on some issues related to the remaining counts.  However, this effect could benefit the parties by having some issues decided and lessening the burden of proof for the other counts.

  Based on these considerations, this Court recommends that the District Court grant permissive withdrawal of the reference as to Count One- RESPA, Count Four- wantonness, Count Five- negligence, Count Six- breach of the mortgage agreement, Count Seven- unjust

enrichment, Count Eight-wrongful foreclosure, Count Nine-slander and defamation, and Count Ten- Truth in Lending but allow the Bankruptcy Court handle all pretrial matters, including dispositive motions, related to Count One and Counts Four through Ten.  The Bankruptcy Court will prepare a report and recommendation to the District Court for any dispositive motions and for the entire case when it is ready for trial.  In addition, the Bankruptcy Court recommends that the parties be allowed to move forward on Counts Two and Three involving bankruptcy law, recognizing that this might subject the parties to limitations based on res judicata and collateral estoppel.   It is hereby

**ORDERED** that the Bankruptcy Clerk transmit the Plaintiffs' motion for withdrawal of the reference to the U.S. District Court for further consideration along with the Bankruptcy Court's report and recommendation.

Dated:   April 25, 2013

*[signature: William S. Shulman]*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE